## WICHITA R. & LIGHT CO. v. DULANEY.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1908.)

No. 2,653.

**1. WRIT OF ERROR—REVIEW—SCOPE.**

On a writ of error the Circuit Court of Appeals can only consider errors of law committed by the trial court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3893–3896.]

**2. SAME—REFUSAL TO DIRECT VERDICT.**

Before the Circuit Court of Appeals, on writ of error in a personal injury action, can reverse a judgment for plaintiff on the ground that a verdict should have been directed for defendant on the theory that plaintiff's contributory negligence caused the injury, it must clearly appear that the evidence as to plaintiff's negligence was such that no verdict in his favor could have been sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3938–3943.]

**3. SAME.**

On writ of error from a judgment for plaintiff in a personal injury action, a statement in defendant's brief showing that the Circuit Court of Appeals is asked to pass upon the weight and credibility of testimony upon an issue as to plaintiff's contributory negligence precludes a reversal on the theory that a verdict should have been directed for defendant on the ground of such negligence, since it was the jury's province to pass upon the weight and credibility of the evidence, and not the trial judge's.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3928–3934.]

**4. SAME—VERDICT—CONCLUSIVENESS.**

A verdict for plaintiff in a personal injury action on an issue of contributory negligence is conclusive on writ of error, where there is evidence on which to base it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3928–3934.]

In Error to the Circuit Court of the United States for the District of Kansas.

Kos Harris and V. Harris, for plaintiff in error.

Houston & Brooks, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge.   Dulaney sued the railroad and light company to recover damages for personal injuries received by himself on August 9, 1905, at the city of Wichita, Kan., by reason of the carriage in which he was riding colliding with a car of the company.   At the trial Dulaney recovered a verdict against the company, upon which a judgment was subsequently entered.   To reverse this judgment a writ of error was sued out from this court.   One of the defenses urged in the court below, was contributory negligence on the part of Dulaney. At the close of all the evidence counsel for the company made the following motion:

"Comes now the defendant, at the conclusion of all the evidence in the above-entitled action, and moves the court to direct a verdict in favor of the defendant in the above-entitled action, for the reason that all the evidence in said cause, taken together, establishes that the said plaintiff was guilty of contributory negligence, and but for which contributory negligence the injuries to said plaintiff would not have been received."

This motion was overruled by the court, and an exception taken. The only assignment of error argued in this court is based upon said ruling.   We must bear in mind that on this writ of error we can only consider errors of law committed by the trial court, and before this court can reverse the judgment below on this record it must clearly appear that the evidence introduced at the trial in regard to the contributory negligence of Dulaney was such that no verdict in his favor could have been sustained, if rendered.   We have carefully read the evidence in the record, and find that there is a conflict of testimony upon every point bearing upon the question of contributory negligence.   It would serve no useful purpose to discuss in a lengthy opinion the evidence which tends to sustain or disprove this issue, as the very necessity of discussing it only serves to show that the action of the trial court, in submitting this issue to the jury, was without error.   We think the language used by counsel for plaintiff in error in concluding a brief of 40 pages upon the question of Dulaney's contributory negligence precludes the plaintiff in error from asking this court to reverse the judgment below for the error assigned.   The language referred to is as follows:

"Counsel for plaintiff in error insist that an examination of the testimony in this case discloses the contributory negligence of Dulaney; that his statement, made at the time he was hurt, stated the facts with regard to his own negligent acts; that the persons on the car, and in charge of the car, know better as to the speed of the car and the ringing of the gong and the conduct of Dulaney than any other person; that the testimony of the other witnesses, given long after the accident, as to the distance between the car and Dulaney's vehicle, is not entitled to as much weight as the testimony of the other witnesses; that the testimony of those who did not hear the gong. or bell is entitled to but little weight, when you consider the fact that part of

the plaintiff's witnesses did hear the gong—did state that the car ran but a car length, and that the motorman 'hollered' to Dulaney to get off the track."

From this statement it plainly appears that we are asked on this writ of error, which raises only questions of law, to pass upon the weight and credibility of testimony, which it is unnecessary to say we have no authority to do. It was the province of the jury to pass upon the weight and credibility of the evidence taken in the court below, and not of the trial judge. So far as the statements of Dulaney made at the time of the accident are concerned, they would only affect his credibility as a witness on the trial, and he denied at the trial ever making the same. A careful examination of the whole evidence has convinced us that there was evidence upon which the jury would have been justified in finding that Dulaney was not guilty of contributory negligence. By their verdict the jury upon such evidence found in favor of Dulaney, and the question is therefore closed.

Finding no error in the record, the judgment of the court below should be affirmed; and it is so ordered.